**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-10132
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff,

OTIS C. TOLBERT,

Intervenor Plaintiff-Appellant,

VERSUS

DALLAS AREA RAPID TRANSIT,

Intervenor Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-44-R)
_____


August 30, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Otis Tolbert appeals a summary judgment and the denial of his

post-judgment motions.  We affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.47.5.4.

The United States brought an action against Dallas Area Rapid Transit ("DART") in 1993, alleging that it had retaliated against him in violation of title VII of the Civil Rights Act of 1964. DART entered into a consent decree with the United States, part of which required DART to offer Tolbert the opportunity to accept, at his option, the next "vacancy" at DART in the position of "Manager of Equal Employment Opportunity."

Tolbert brought this suit in 1994, alleging that DART had violated the consent decree. DART filed a motion for summary judgment to which Tolbert failed to respond; the district court therefore accepted DART's evidence as undisputed. The court concluded that the consent decree required DART to offer Tolbert the position only if a vacancy became available. Concluding that no vacancy had occurred, the court entered summary judgment.

## II.

Construing Tolbert's *pro se* brief liberally, we glean that he first claims that DART failed to comply with FED. R. CIV. P. 5(b) in serving him with that motion. Tolbert did not raise this argument during the summary judgment proceedings[1] or in his motion to reconsider, which the court treated as a timely motion under FED. R. CIV. P. 59(e).

---

[1] In fact, Tolbert did not raise any arguments during the summary judgment process. Rather, he failed to respond at all to DART's motion.

Tolbert did raise the issue in a subsequent motion under FED. R. CIV. P. 60(b), a motion entitled "Motion for Leave to File Supplemental Affidavits and Appeal." The district court denied this motion in a one-sentence order, and we review that denial for abuse of discretion. *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (per curiam) (stating that review of denial of rule 60(b) motion is for abuse of discretion).

A.

There are two ways to construe Tolbert's rule 60(b) motion. The first is that it was made under rule 60(b)(1), which permits relief from a judgment or order for excusable neglect (among other things). *See* FED. R. CIV. P. 60(b)(1). In essence, this construction amounts to an argument that Tolbert would have responded to the summary judgment motion if he had been served with it in a proper fashion. Specifically, he alleges that DART tried to hand-deliver the motion to him but left it at his home without giving it to "some person of suitable age and discretion then residing therein." FED. R. CIV. P. 5(b).

One of DART's attorneys certified in writing that she had complied with the service requirements of rule 5(b) by sending the motion to Tolbert on October 20, 1995, via certified mail (return receipt requested and postage prepaid). This procedure complied with rule 5(b). Tolbert disputes that the motion was mailed to

3

him, insisting that DART tried to hand-deliver it.

Tolbert presented the district court with an invoice from a commercial courier service as "proof" that DART had tried to hand-deliver the motion but had not complied with rule 5(b)'s requirements for hand-delivery. There is no indication, however, that the invoice was for the attempted delivery of the summary judgment motion, as there is nothing on the face of the invoice that indicates that the courier tried to deliver anything more momentous than an ordinary letter. In short, the invoice does not show that DART had tried to serve Tolbert by hand-delivery and had failed to comply with the hand-delivery requirements of rule 5(b).

Tolbert has not provided any other evidence to support his claim of invalid service. Therefore, he has not demonstrated excusable neglect, and the district court did not abuse its discretion in denying the rule 60(b) motion to the extent that it was based on a claim of excusable neglect.

B.

Alternatively, Tolbert could be arguing that DART had fraudulently misrepresented to the court that he had been served in a proper fashion. This would amount to a motion under rule 60(b)(3), which permits relief from a judgment or order for "fraud . . ., misrepresentation, or other misconduct of an adverse party."

Tolbert has failed, however, to demonstrate fraud, misrepresentation, or other misconduct by DART. These allegations depend

4

on establishing that DART (1) had tried to hand-deliver the motion to Tolbert, (2) had failed to comply with rule 5(b) in doing so; and (3) had misrepresented that it had properly served Tolbert with the motion.

Tolbert has failed to show that DART tried to hand-deliver the motion. The record reflects that DART mailed the motion to Tolbert in compliance with rule 5(b). Therefore, the district court did not abuse its discretion in denying Tolbert's rule 60(b) motion to the extent that it was based on a claim of alleged fraud, misrepresentation, or misconduct.

## III.

The remainder of Tolbert's brief is devoted to (1) scattered accusations that DART made seemingly random misrepresentations to the district court and (2) the contention that the district court erred in finding that DART had not breached the consent decree. With respect to the former, Tolbert has not shown any logical connection between the alleged misrepresentations and the judgment entered against him. He has failed to show that the alleged misrepresentations affected his substantial rights, and we must therefore disregard any error in the proceeding. *See* FED. R. CIV. P. 61 (harmless error).

With respect to the latter, Tolbert's failure to respond to the summary judgment motion effectively doomed his case. The

evidence presented by DART§§viewed as undisputed because of Tolbert's failure to contest it, *see Eversley v. MBank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988)§§made a *prima facie* showing of its entitlement to judgment. That is, the consent decree required DART to offer Tolbert the position only if it ever became vacant; it did not require DART to create an opening for Tolbert. Furthermore, DART's evidence§§taken as undisputed§§showed that no vacancy had occurred. The district court therefore did not err in granting summary judgment.

The judgment is AFFIRMED. DART's request for sanctions on appeal is DENIED.